**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

Stefon Robinson,                                        Case No. 1:19-cv-02730-JGC

          Petitioner

      v.                                                    **ORDER**

Warden Sean Bowerman,

          Respondent.

    This is a habeas corpus case brought under 28 U.S.C. § 2254 in which, following

reference, the Hon. James E. Grimes, Jr., has filed his Report & Recommendation. (Doc. 9).

Petitioner has filed Objections (Doc. 11). Respondent has filed a Response thereto. (Doc. 13).

    The matter is now before me for *de novo* review of the Report & Recommendation.

    For the reasons that follow, I find the Report & Recommendation well-taken in every

respect. I also find the Objections to be without merit. I adopt the Report & Recommendation

and decline to grant a Certificate of Appealability.

**Background**

    A Cuyahoga County Common Pleas Court jury found the Petitioner, originally indicted

for Aggravated Murder, Murder, and two counts of Felonious Assault, guilty of Murder. He

received and is serving a fifteen years to life sentence. The Ohio Eighth District Court of

Appeals affirmed, *State v. Robinson*, No. CR-16-610574-A, 2018 WL 2411815, at *1 (Oh. Ct.

App. May 24, 2018). The Ohio Supreme Court declined review. *State v. Robinson*, 106 N.E.3d

1261 (Ohio 2018).

1

This case is here because, toward the end of his final jury instructions, the trial judge gave an indisputably erroneous instruction: that the State had the burden of proof on the Petitioner's defense of self defense. (Doc. 5-3, pgID 711). He repeated the instruction. (*Id.*, pgID 712); The judge had earlier correctly allocated the burden of proof to the Petitioner. (Id., pgID 706).

The Petitioner asserts three grounds for relief, which he correctly and repeatedly describes as "entwined" (Doc. 11, pgID 876):

> Ground 1: Appellant's (sic) Due Process rights were violated when the trial court memorialized erroneous jury instructions regarding the elements and standard of self-defense.

> Ground 2: Appellant's (sic) Due Process rights were violated when he was denied his constitutional right to present a defense, due to the erroneous jury instructions regarding the elements and standard of self-defense.

> Ground 3: Appellant's(sic) Sixth Amendment right to a fair and reliable trial was violated by the ineffective assistance of his trial counsel, who failed to notice or declined to correct the court's erroneous jury instructions regarding the elements and standard of self-defense.

> (Doc. 1, pgID 7-10).

Judge Grimes concluded: 1) Petitioner had conceded the procedural default of his second claim; 2) Petitioner waived any claim of cause and prejudice therefrom by waiting until his Traverse to make that assertion; and 3) in any event, the Petitioner had not shown that habeas-cognizable prejudice had resulted from his attorney's failure to object to the erroneous instruction. (Id., pgID 862-68).

## Discussion

On consideration of the Report & Recommendation, Petitioner's Objections, and the Warden's Response thereto, I agree, first, that procedural default in this Court bars relief as to Claim Two. Petitioner concedes this in his Traverse. (Doc. 7, pgID 837).

I also agree with Judge Grimes that state court default – the failure to object to the erroneous instruction – precludes relief on all three Grounds for relief. As to Grounds One and Three, this is so because Petitioner waited until his Traverse to claim prejudice from the lack of a timely objection to the trial Judge's misstatement of the burden of proof.

Petitioner's effort to breathe life into his assertion of prejudice as to each Ground is unavailing. Alluding to Ground One in his Traverse, Petitioner merely states that he "was denied the benefit of a proper instruction." (Doc. 7, pgID 834). In his Objection, he simply avers the error was "detrimental to his case." (Doc. 11, pgID 876).

While these statements might serve as captions for an argument as to prejudice, both leave utterly unexplained how that might be so.

The problem with each of these untimely efforts to establish prejudice is that the Petitioner had the burden, through examination of the record and explication of the law, to explain exactly how the unobjected-to faulty instruction caused prejudice. That is his burden to explain, not Judge Grimes' (or mine) to discern.

A § 2254 petition must provide adequate notice of the facts underlying the grounds for relief. Rules Governing § 2254 Cases, Rule 2(c) (requiring that a § 2254 petition must "state the facts supporting each ground."); *see also Robertson v. Eppinger*, No. 17-4107, 2018 WL 1940414, at *2 (6th Cir. Mar. 27, 2018). Conclusory assertions will not do. *Robertson, supra*, 2018 WL 1940414, at *2 (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)).

Petitioner's efforts at showing prejudice as to  Grounds One and Three in his petition are, at best, conclusory and entirely unilluminating. Thus, they fail to comply with the requirement that habeas petitions "state the facts supporting each ground" and avoid conclusory allegations. *See Robertson, supra*, 2018 WL 1940414, at *2; *see also Tyler v. Mitchell*, 416 F.3d 500, 504

(6th Cir. 2005) (an argument "first presented in . . . [a] traverse rather than in [a] habeas petition . . . was not properly before the district court").

For these additional reasons I confirm my agreement with Judge Grimes that I should dismiss the Petition on the basis of procedural default as to each claim.

Nonetheless, I will review Judge Grimes' additional reasons for dismissing the Petition, which I likewise agree with entirely.

To succeed on his claim of ineffective assistance of counsel, under *Strickland v. Washington*, 466 U.S. 668 (1984), a Petitioner must show: 1) cause for the default; and 2) resulting prejudice.

I accept counsel's failure to object as cause for the default.

As to prejudice, Strickland requires Petitioner to show that there is a reasonable probability that, but for his attorney's error, the result of the proceeding would have been different. *Id.* at 694.

The Petitioner has not shown that his counsel's failure to object was outcome determinative. As Judge Grimes correctly observed, nothing "so egregious . . . infected the entire trial with error of Constitutional dimensions." (Doc. 9, pgID 861) (citing *Murray v. Carrier*, 477 U.S. 478, 494 (1986)).

As to Ground One specifically, I agree with Judge Grimes' rejection of Petitioner's reliance on a structural analysis. That approach is inapplicable here. Section 2254(d) still controls our review.

Using that benchmark, Judge Grimes correctly found that the State Appellate Court properly applied prevailing law to those Assignments of error that became Petitioner's Grounds for relief.

4

Given the trifecta of reasons Judge Grimes gave for denial of the Petition, I find that jurists of reason could not rationally dispute the result I reach herein, nor its rationale. Accordingly, I decline to issue a Certificate of Appealability.

It is, accordingly, hereby

ORDERED THAT:

1.  The Petition for a Writ of Habeas Corpus (Doc. 1) be, and the same hereby is denied; and

2.  No Certificate of Appealability shall issue.

So ordered.

/s/ James G. Carr
Sr. U.S. District Judge